# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| Jeralyn Wiley,                                                    ) | |
|                                                                          ) | |
|        Plaintiff,                                                   ) | |
|                                                                          ) | |
|                v.                                                     )      Civil No. 16-cv-00391 (APM) |
|                                                                          ) | |
| The Prudential Insurance Company of America, ) | |
|        *et al.*,                                                    ) | |
|                                                                          ) | |
|        Defendants.                                             ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER

### I.        INTRODUCTION

In May 2015, Plaintiff Jeralyn Wiley, who was then an employee of Defendant Ernst & Young US LLP, applied for short-term and long-term disability benefits under her employer's disability plans.  Defendant Prudential Insurance Company of America, the claims administrator, approved Plaintiff's application for short-term disability benefits, but only through June 9, 2015. Six months later, on December 14, 2015, Plaintiff timely filed an appeal of Prudential's decision. Instead of processing the appeal, however, Prudential repeatedly set new deadlines—each time on its own initiative—giving Plaintiff extra time in which to submit additional documents to support her appeal.  When Prudential still had not ruled on her appeal as of late February 2016, Plaintiff filed suit against Prudential, alleging a violation of the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq*.

Defendants have moved to dismiss this action on the ground that Plaintiff failed to exhaust her administrative remedies before filing suit.  Specifically, Defendants argue that because

Prudential has not yet ruled on Plaintiff's appeal, Plaintiff filed this action prematurely. The court, however, does not agree. Prudential granted itself extensions of time that neither were requested by Plaintiff nor permitted under the applicable ERISA regulations. As a result, Prudential did not timely rule on Plaintiff's appeal. The court therefore finds that Plaintiff's ERISA claim has been exhausted and that her suit is properly before this court. Accordingly, the court denies Defendants' Motion to Dismiss.

## II.   BACKGROUND

Plaintiff Jeralyn Wiley formerly worked at Defendant Ernst & Young US LLP. Compl., ECF No. 1, ¶ 13. During her time there, Ernst & Young sponsored both short-term disability and long-term disability plans (collectively, "Plans") for its employees. *Id.* ¶¶ 6-11; *see generally* Defs.' Statement of P. & A. in Supp. of their Mot. to Dismiss, ECF No. 7-1 [hereinafter Defs.' Mot.], Ex. A, ECF No. 7-3 [hereinafter Ex. A]; *see generally* Defs.' Mot., Ex. B, ECF No. 7-4 [hereinafter Ex. B]. Defendant Prudential Insurance Company of America was the claims administrator for both Plans. Compl. ¶¶ 7-8; *see generally* Exs. A-B. As such, it had the authority to determine an employee's eligibility for disability benefits. Compl. ¶ 8.

Plaintiff was a participant under both Plans. *Id.* ¶ 6; Defs.' Mot. at 5. She suffers from a series of conditions, including, but not limited to, fibromyalgia, limb paresthesia, and myositis. Compl. ¶ 12; Defs.' Mot. at 5. In May 2015, Plaintiff applied for short-term disability benefits. Defs.' Mot., Ex. C, ECF No. 7-5 [hereinafter Ex. C], at 1.[1] On June 17, 2015, Prudential retroactively approved Plaintiff for benefits through June 9, 2015, but denied her any benefits

---

[1] Plaintiff later also applied for long-term disability benefits. Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 8, Ex. 1, ECF No. 8-1, at 1. Prudential advised Plaintiff that it would review her eligibility for long-term disability benefits concurrent with its review of her appeal of her short-term disability decision. *Id.* at 3. Because Prudential never ruled on Plaintiff's short-term disability appeal, however, it also apparently never reached a decision on Plaintiff's long-term disability claim.

beyond that date.  *Id.*  Prudential further informed Plaintiff that she had 180 days from her receipt of the denial letter to file an appeal.  *Id.* at 2.

By letter dated June 26, 2015, Plaintiff asked Prudential to "review" the "denial of [her] claim for ongoing benefits."  *Id.* at 4.  "However," she added, "I request that [Prudential] not complete its review of this denial until such time as I have been afforded the opportunity to supplement the record."  *Id.*  She asked Prudential to "advise [me] of the last date by which [Prudential] will accept additional materials prior to commencing its review of my claim," but stated that, "[w]hile I fully intend to supplement my record on appeal, if you have not received additional materials by such date, please proceed to complete your review."  *Id.*  Plaintiff further requested that Prudential disclose to her a host of documents relevant to her benefits determination. *Id.*

Three weeks later, on July 17, 2015, Prudential responded to Plaintiff: "Your letter indicates that the appeal is not complete at this time and that you intend on submitting additional documentation for our evaluation of your appeal.  As such, we have not initiated our appeal review at this time."  *Id.* at 7.  Prudential advised Plaintiff that her "complete appeal must be received by Prudential no later than December 14, 2015."  *Id.*

Several months later, Plaintiff retained Scott B. Elkind as her counsel.  Comp. ¶ 17.  On November 17, 2015, Elkind wrote to Prudential requesting certain documents relating to Prudential's benefits determination, including the claim file.  Ex. C at 10-11.  He also requested a minimum 60-day extension of time, starting from the date he received the claim file, in which to review the documents and then supplement Plaintiff's appeal.  *Id.* at 12.

On December 1, 2015, Prudential denied Elkind's requested extension.  *Id.* at 15.  It advised Elkind: "The information in [the] file indicates that the 180 day appeal timeframe expires

on or about December 14, 2015.  As a result, [Plaintiff's] complete appeal submission must be received by that date.  We will proceed with our review of the appeal at that time based on the information that has been submitted."  *Id.*; *see also id.* at 13-14 (letter from Prudential to Elkind dated November 23, 2015, identifying December 14, 2015, as the deadline and the date by which Prudential would proceed with its "review of the appeal . . . based on the information that has been submitted").

As Prudential had directed, on December 14, 2015, Elkind timely submitted certain—concededly not all—documents in support of his client's appeal.  Compl. ¶ 18 (stating that Plaintiff's appeal included "additional medical, functional and vocational evidence, but lacked certain materials due to the hard deadline Prudential gave Plaintiff"); Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 8 [hereinafter Pl.'s Opp'n], Ex. 1, ECF No. 8-1 [hereinafter Ex. 1], at 4 (letter showing that Elkind submitted nearly 300 documents on Plaintiff's behalf).  Several days later, on December 17, 2015, Prudential informed Elkind that it would not review Plaintiff's appeal until December 28, 2015, because it had not previously calculated into the deadline a 14-day grace period allowed for mailing delays.  Ex. C at 16.  Elkind immediately questioned Prudential's two-week delay in commencing its review of Plaintiff's appeal.  *See id.* at 17.  He nevertheless submitted additional documents on December 18, 2015, and stated that he would provide Prudential "with documents as they are received by [me]."  *Id.* at 18-19.

Prudential—unasked—twice more extended the time in which Plaintiff could submit additional records in support of her appeal.  On December 29, 2015, Prudential told Elkind:  "You have reported you will be submitting additional information in support of Ms. Wiley's appeal. Please ensure this information is provided to us within 45 days or by February 10, 2016."  *Id.* at 21.  Elkind continued to provide additional materials through February 2, 2016.  *Id.* at 23, 26-31.

4

He also continued to object to Prudential's delay in commencing review of Plaintiff's application. *Id.* at 24, 33.

On February 10, 2016, Prudential again informed Elkind that it was extending Plaintiff's deadline "to remit additional required information"—though the letter did not provide further specifics—by an additional 45 days, to March 26, 2016. *Id.* at 32. Prudential told Elkind that "[a]ll time frames for the review of Ms. Wiley's claim will be tolled until the earlier of the receipt of the additional information or the end of the additional 45 day period allowed for you to supply such information. At the time we resume our review, an extension of up to 45 days will be taken to complete our appeal review of Ms. Wiley's claim." *Id.*

Elkind, that same day, objected to Prudential's 45-day extension. *Id.* at 33. He wrote: "The appeal in this case was filed on 12/14/15. Your request is beyond the 45 day deadline permitted under ERISA for such a request." *Id.* On February 26, 2016, Elkind filed this suit on behalf of Plaintiff. *See generally* Compl.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*,

5

550 U.S. at 555).  If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant the defendant's Rule 12(b)(6) motion.  *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

When evaluating a motion to dismiss under Rule 12(b)(6), the court must accept a plaintiff's "factual allegations . . . as true," *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 67 (D.C. Cir. 2015), and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'"  *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The court need not accept as true, however, "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

A court ordinarily may not consider "matters outside the pleadings" on a Rule 12(b)(6) motion without converting the motion into one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  Matters that are *not* outside the pleadings include the facts alleged in the complaint, documents attached as exhibits to the complaint, and documents incorporated by reference in the complaint.  *See Hinton v. Corr. Corp. of America*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009).  Likewise, documents upon which the plaintiff's complaint "necessarily relies" are not treated as matters outside the pleadings—even if submitted by the defendant in support of a motion to dismiss.  *See id.*  In this case, both parties have submitted letters between Plaintiff (or her counsel) and Prudential concerning the submission and review of Plaintiff's appeal.  Because the court finds that these letters are either incorporated by reference into the Complaint or necessarily relied upon by the

Complaint, it considers Defendants' motion under Rule 12(b)(6), instead of converting it into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d).

## IV.    DISCUSSION

Defendants' argument is straightforward.  They contend that, because Plaintiff filed her suit before Prudential ruled on her appeal, she failed to exhaust her administrative remedies as required under the short-term disability plan and thus her action must be dismissed.  Defs.' Mot. at 11-20; *see Commc'ns Workers of Am. v. AT&T Co.*, 40 F.3d 426, 428 (D.C. Cir. 1994) ("It is well established that, barring exceptional circumstances, plaintiffs seeking a determination pursuant to ERISA of rights under their pension plans 'must . . . exhaust available administrative remedies under their ERISA-governed plans before they may bring suit in federal court.'") (citations omitted).  The court disagrees with Defendants that Plaintiff filed her suit too early.  It finds instead that Plaintiff's appeal must be "deemed exhausted," and that her action is appropriately before this court.

### A.    The Principle of Deemed Exhaustion

The principle of deemed exhaustion is rooted in the Department of Labor's ERISA regulations.  The relevant regulation reads as follows:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l).  Although our Court of Appeals has not applied the deemed-exhaustion regulation, other Circuits have done so.  *See, e.g., Barboza v. Cal. Ass'n of Prof'l Firefighters*, 651 F.3d 1073, 1076-80 (9th Cir. 2011); *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 221-23 (2d Cir. 2006).  Additionally, the Supreme Court, citing the deemed-exhaustion regulation, has

observed that "[plan] administrators are required by the regulations governing the internal review process to take prompt action, . . . and the penalty for failure to meet those deadlines is immediate access to judicial review for the participant." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 614 (2013) (citing section 2560.503-1(l)).

To determine if Plaintiff's claim should be deemed exhausted, the court must ask whether Prudential complied with ERISA. *See Barboza*, 452 F.3d at 1077. More specifically, the question here turns on whether Prudential complied with the regulation governing the time requirements for review of a denied disability claim. That regulation provides that "the plan administrator[2] shall notify a claimant . . . of the plan's benefit determination on review within a reasonable period of time, but not later than [45] days after receipt of the claimant's request for review by the plan." 29 C.F.R. § 2560.503-1(i)(1)(i), § 2560.503-1(i)(3)(i) (setting an initial 45-day review period for disability claims). The plan administrator may, however, extend the initial review period under "special circumstances." *Id.* § 2560.503-1(i)(1)(i), § 2560.503-1(i)(3)(i). For disability claims, a "special circumstances" extension can last no more than an additional 45 days "from the end of the initial period." *Id.* § 2560.503-1(i)(3)(i). The administrator must provide the claimant with written notice of the extension before the expiration of the initial review period. *See id.* § 2560.503-1(i)(1)(i).

The ERISA regulation also defines when the clock starts to run on an administrator's review of a denied benefits claim:

> [T]he period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of the plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing.

---

[2] Although in correspondence with Plaintiff's counsel Prudential stated that it had not "accepted a delegation as the Plan Administrator" with respect to the short-term disability plan, Ex. C at 13, it has not here argued that the ERISA timing regulations do not apply to it. The court therefore assumes that Prudential qualifies as a "plan administrator" as that term is used in the regulations.

*Id.* § 2560.503-1(i)(4).  It further provides that

> [i]n the event that a period of time is extended as permitted [under the regulations] due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

*Id.*

Thus, these regulations, when read together, grant an administrator an initial review period of 45 days, beginning from when the appeal is filed in accordance with plan procedures, in which to review an appeal concerning a disability benefits determination.  Prior to the end of that period, the administrator may extend the review period by another 45 days under special circumstances. If the special circumstance at issue is the claimant's "failure to submit information necessary to decide the claim," then the clock on the additional 45-day period remains tolled from the date of the extension until the claimant responds to the request for additional information.  *Id.*

**B.     Whether Plaintiff's Claim is Deemed Exhausted**

Against this regulatory framework, the court evaluates whether Plaintiff's claim should be deemed exhausted.  Defendants assert that "Plaintiff's appeal was [ ] filed as of February 16, 2016"— the date on which Plaintiff supposedly notified Prudential that her appeal was complete and that she needed no further time to file additional information.  Defs.' Reply, ECF No. 9, at 5 (citing Ex. C at 34).  Defendants, therefore, contend that Prudential had 45 days from that date— until April 1, 2016—as well as an additional 45 days, if needed due to special circumstances, to complete its review.  *Id.*  Because Plaintiff filed her suit before April 1, 2016, Defendants argue that she failed to exhaust her administrative remedies.  *Id.*  Defendants' argument, however, cannot be sustained on the law or the facts.

The court must first determine the date when Plaintiff filed her appeal, at which time the initial 45-day review period would have commenced.  The regulations provide that the 45-day time period begins when "an appeal is filed in accordance with the reasonable procedures of a plan." 29 C.F.R. § 2560.503-1(i)(4).   Here, Defendants have identified only a limited number of "reasonable procedures" that a claimant must follow when filing an appeal.  The claimant "must" submit her appeal (1) in writing and (2) within 180 days of the claimant's receipt of her benefits determination.  Ex. C at 3.  Additionally, the appeal "should contain" the claimant's (3) name, control number, and Social Security number; (4) the reason that the claimant disagrees with the determination; and (5) medical evidence or information to support the claimant's position.  *Id.*

Defendants have not identified any failure by Plaintiff to comply with these procedures. Thus, assuming Plaintiff's allegations to be true, and drawing all inferences in her favor, Plaintiff substantially complied with the plan's "reasonable procedures" for filing an appeal by December 14, 2015, when her counsel submitted her information—including medical, functional, and vocational evidence—to Prudential.  *See* Compl. ¶ 18; Ex. 1 at 4.  The fact that Plaintiff did not submit all necessary records by December 14, 2015, is irrelevant.  The regulations plainly state that an appeal is timely filed so long as it is filed in accordance with the reasonable procedures of the plan, "without regard to whether all the information necessary to make a benefit determination on review accompanies the filing."  29 C.F.R. §2560.503-1(i)(4).

Defendants argue that the review period started months later, on February 16, 2016.  That position is based on their reading of a letter sent by Elkind on that date.  According to Defendants, Elkind notified Prudential on February 16, 2016, that Plaintiff's appeal was "complete and she needed no additional time."  Reply at 5 (citing Ex. C at 34); *see also* Defs.' Mot. at 17.  Defendants, however, mischaracterize Elkind's letter to Prudential.  In his letter, Elkind protested Prudential's

actions delaying the start of the review period.  He asserted that "there is no extension under ERISA for extending your time period for the reason claimed." Ex. C at 34.  But Elkind did not state that his client's appeal was "complete."  Reply at 5.  Thus, the court rejects Defendants' contention that, based on her counsel's representations, Plaintiff's appeal review period began on February 16, 2016, instead of December 14, 2015.

Having determined that the initial review period commenced on December 14, 2015, the court turns next to Defendants' argument that Prudential properly "tolled" the start of the 45-day review period on multiple occasions to enable Plaintiff to submit additional evidence to support her appeal. *See* Defs.' Mot. at 17; Reply at 4.  That argument misreads the regulations, particularly the concept of tolling.  The regulations provide that the initial 45-day review period begins to run once an appeal is filed in accordance with the reasonable procedures of the plan.  29 C.F.R. § 2560.503-1(i)(4).  Once that initial appeal period begins to run, a disability plan administrator can grant itself, without obtaining the applicant's consent, a 45-day extension under "special circumstances."  *Id.* § 2560.503-1(i)(1)(i), § 2560.503-1(i)(3)(i).  If the "special circumstance" is "due to a claimant's failure to submit information necessary to decide a claim," and the administrator "request[s] additional information," *id.* § 2560.503-1(i)(4), then the start of the "special circumstances" 45-day review period "shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information," *id.*

Here, as the court has found, the initial 45-day time period for Prudential to review Plaintiff's appeal commenced on December 14, 2015.  That initial review period was set to expire on January 28, 2016.  On or before that date, Prudential had the right to extend the review period by another 45 days for "special circumstances."  If Prudential had invoked the 45-day "special

circumstances" extension and provided as its reason that Plaintiff had not submitted the information necessary to decide her appeal, the additional 45-day review period would have been tolled from the date on which Prudential sent the notification of extension to Plaintiff. *Id.* And the review period would not have started to run again until "the date on which [Plaintiff] respond[ed] to the request for additional information." *Id.*

Prudential, however, expressly disclaims that it ever invoked its right under the regulations to extend the initial review period by 45 days. *See* Reply at 5 ("Prudential did not request extensions for its own review."), 5 n.1 (arguing that "Prudential *could have* taken an extension for itself, if it needed to do so") (emphasis added). Because Prudential never invoked the 45-day extension, the regulation's tolling provision never came into effect.[3] Thus, the initial review period began to run on December 14, 2015, and never was tolled at any point.

Finally, Defendants also seem to argue that Plaintiff should be equitably estopped from complaining about Prudential's delayed review because Plaintiff continued to submit records during the extension periods. Defs.' Mot. at 17. However, Plaintiffs' continued submission of documents after she filed her appeal is perfectly consistent with the regulations. An appeal is deemed filed "without regard to whether all the information necessary to make a benefit determination on review accompanies the filing." 29 C.F.R. § 2560.503-1(i)(4). The regulation says nothing that would foreclose a claimant from submitting records after the review period has

---

[3] Elsewhere, Defendants do appear to argue that Prudential properly invoked the 45-day extension on February 16, 2016. Defs.' Mot. at 18 (arguing that Prudential "met" the 45-day extension "requirement when it notified Plaintiff in writing on February 16, 2016, of the need to take a 45-day extension 'to allow for review of the information currently contained in [Plaintiff's] file'") (citing Ex. C at 35). But even if the court were to assume that Prudential invoked the 45-day extension on February 16, 2016—the letter Defendants cite is actually dated February 17, 2016—that invocation came too late. The initial 45-day period expired on January 28, 2016, and Prudential would have needed to give Plaintiff notice of its decision to invoke the "special circumstances" exception before that date. Moreover, even if the court were to accept Defendants' claim that the initial review period, as a result of the 14-day grace period for mailing delays, started on December 29, 2015, the 45-day review period would have expired on February 12, 2016. A 45-day extension request four days later on February 16, 2016, would again be too late.

begun.  To the contrary, by not requiring the submission of all records to start the review period, the regulations contemplate that very practice.

Moreover, Plaintiff's counsel repeatedly and emphatically protested each unilateral extension of time, beginning with the very first 14-day extension.  *See* Ex. C at 17 (questioning the basis for the 14-day extension until December 28, 2015), 24 (demanding plan or claims guidelines that permit Prudential "to take an extension in considering the filed appeal"), 33 (stating that the appeal was filed on December 14, 2015, and protesting the 45-day extension as beyond the "deadline permitted under ERISA").  The fact that Elkind continued to supply additional information to Prudential during the extensions of time, therefore, does not preclude Plaintiff from asserting that the court should deem her claim exhausted.

Defendants' reliance on *Hunter v. Metropolitan Life Insurance Co.*, 251 F. Supp. 2d 107 (D.D.C. 2003), is also misplaced.  *See* Defs.' Mot. at 19-20.   The facts in *Hunter* posed a very different scenario.  There, the plan administrator acknowledged its receipt of the claimant's appeal and began its review period on that date.  *Hunter*, 251 F. Supp. 2d at 109.  The plan administrator then invoked its right to one extension to complete its review, but before it could do so, the claimant filed suit.  *Id.*  Here, by contrast, Prudential asserts that it was permitted to delay the start of the appeals review process for months after Plaintiff timely filed her appeal "so that [Plaintiff] could continue to submit documents in support of her appeal."  Reply at 5.  *Hunter* does not allow a plan administrator to delay the start of the review period simply because a claimant has not submitted all relevant information with her initial appeal filing or because she submits additional records after the initial filing.

V.      **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is denied.


Dated:  August 24, 2016                         Amit P. Mehta
                                                United States District Judge